His Honor, JOHN ST. PAUL,
rendered the opinion and decree of the Court, as follows:
Plaintiff’s frame building’ stands on the dividing line between his own and defendant’s property.
For the purposes of repairing it, plaintiff desires to go upon defendant’s property, and seeks to enjoin the latter from interfering with him in doing so. As this part of plaintiff’s demand is not now resisted we shall give it no further consideration.
The only serious difference between the parties is whether defendant has the right to' affix small attachments such as awning rings and down-pour gutter pipes to the side of plaintiff’s house which serves as a partition between the two properties.
As every proprietor has the exclusive right to use the property owned exclusively by himself it follows that the only question involved is whether or not the side of plaintiff’s building is the common property of plaintiff and defendant or the exclusive property of plaintiff.
It is not pretended that defendant contributed to the erection of the wall; but it is contended that since the wall serves as a partition between the two estates and serves the purpose of a “fence held in common” between the two properties; it becomes ipso facto the common property of the parties.
This is a non sequitur. As we read the code there is no such thing as a wall or fence “held in common” unless both proprietors have contributed to its erection.
Every proprietor has the right to inclose his premises regardless of the wishes of his neighbor. If he builds a *212 “fence” lie has under some circumstances the right to compel the neighbor to contribute (0. C., 686); but if he choose to build it alone, the necessary consequence is that the fence belongs to him alone. A fortiori is such the case when the division is formed by a substantial building built and paid for by one proprietor alone.
This seems to us to dispose of that phase of the controversy.
Something was said in the argument about a pretended right to acquire an interest in the enclosure by contributing or offering to contribute to the cost thereof; but as the pleadings present no such issue we decline to go into it.
Something was also said about defendant having acquired the right claimed by him, ¡as a servitude, by the prescription of ten years; but as that also is neither covered by the pleading nor shown by the evidence we must decline to consider it.
On the other hand the judgment herein appealed from recognizes that certain alleged encroachments by plaintiff’s building upon defendant’s lot “have long since ripened into ownership” by prescription.
This part of the judgment is beyond the pleadings.
In that respect the judgment must be amended.
It is therefore ordered that the judgment appealed from be amended by striking therefrom the words “decreeing that if plaintiff’s house ever enchroached for a few inches on the neighboring lot, the said encroachment has long since ripened into ownership.” And as thus amended the judgment appealed from is affirmed; plain *213 tiff to pay the costs of appeal and defendant to pay the costs of the lower Court.
Opinion and decree, March 27th, 1916.
Rehearing refused, April 24th, 1916.
Writ denied, June 7th, 1916.
Judgment amended and affirmed.